PER CURIAM.
King appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant alleges that his conviction was obtained by a guilty plea not made voluntarily, that his sentence is in excess of the maximum authorized by law, and that he was denied effective assistance of counsel. Such allegations, if true, constitute grounds for relief. In denying the motion the trial judge relied on the presentence investigation report prepared by the Florida Parole and Probation Commission, the court file, and “communication with defendant’s court-appointed attorney.” Although these sources may contain information showing that appellant is not entitled to relief, the initial court order and the subsequent court order denying appellant’s motion for rehearing were devoid of the required attachments. The lower court was required to attach those portions of the files and records which conclusively show that King is entitled to no relief or to hold an eviden-tiary hearing on the motion. Fla.R.Crim.P. 3.850.
Accordingly, this case is REVERSED and REMANDED for proceedings consistent with the rule and this opinion.
MILLS, SHIVERS and WIGGINTON, JJ., concur.